UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT WAYNE MACK,             )
                               )
        Plaintiff,             )
                               )
    v.                         )    CASE NO. _____
                               )
FOX COLLECTION CENTER, INC., and )  JUDGE _____
EXPERIAN INFORMATION           )
SOLUTIONS, INC.,               )
                               )
        Defendants.            )
                               )
_____)

## NOTICE OF REMOVAL OF CIVIL ACTION

# Exhibit A
# Plaintiff's First Amended Complaint To Add Experian

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20TH JUDICIAL DISTRICT

[X] First
[ ] Alias
[ ] Pluries

FILED 2011 APR -6 PM 3:30 RICHARD R. ROOKER D.C.

Robert Wayne Mack

_____ Plaintiff

CIVIL ACTION
DOCKET NO. 11C906

Vs.

Fox Collection Center, Inc. and Experian Information Solutions, Inc

Serve Experian Information Solutions, Inc.

c/o CT Corporation System

800 S. Gay Street, Suite 2021, Knoxville, TN 37929
_____ Defendant

Method of Service:
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[X] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

D2 w/ 1st Am C

**To the above named Defendant:**

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 4-6-2011

RICHARD R. ROOKER
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | C. Kim Thompson, THOMPSON LAW GROUP, PLLC<br>301 S. Perimeter Park Drive, Suite 218, Nashville, TN 37211<br>(615) 832-2335 |
|---|---|

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

RICHARD R. ROOKER
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20____.

_____
SHERIFF

If you have a disability and require assistance, please contact 862-5204.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

☐ served this summons and complaint/petition on _____ in the following manner: _____

☐ failed to serve this summons within 90 days after its issuance because _____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20_____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20_____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

RICHARD R. ROOKER, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.

IN THE SECOND CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

| | |
|---|---|
| ROBERT WAYNE MACK, | ] |
| Plaintiff, | ] |
| | ] No. 11C906 |
| vs | ] |
| FOX COLLECTION CENTER, INC., | ] |
| and | ] |
| EXPERIAN INFORMATION SOLUTIONS, INC., | ] |
| | ] Jury Demand |
| Defendants. | ] |

FIRST AMENDED COMPLAINT TO ADD EXPERIAN

Comes now the Plaintiff, Robert Wayne Mack, pursuant to Rule 15.01 of the Tn. R. Civ. P. and TCA 20-1-119 and would amend his complaint by adding Experian Information Solutions, Inc. for cause and brings this complaint against the Defendants, Fox Collection Center, Inc. and Experian Information Solutions, Inc. by stating:

1. Plaintiff, Robert Wayne Mack, is a citizen and resident of Nashville, Davidson County, Tennessee.

2. Defendant, Fox Collection Center, Inc. (Fox) is a bill collection business which does business in Davidson County, Tennessee. The registered agent for service of process is Frank Fox, 456 Moss Trail, Goodlettsville, Tn. 37072. Defendant has averred that the proper Defendant is Professional Recovery Management, Inc., d/b/a Fox Collection Center.

3. The added Defendant to this cause is Experian Information Solutions, Inc. (Experian). Experian's agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tn. 37929.

4. In 2010, Plaintiff entered into a contract to purchase his first home which is located in Nashville, Davidson County, Tennessee.

5. In order to purchase the home, Plaintiff applied for a mortgage loan based on the contract price of $85,000.00.

1

6. During the application process, Plaintiff learned that because he was a first time home buyer and with his low to moderate income he could qualify for a $5000.00 "Welcome Home" grant which could be used in the purchase of his home toward closing costs and down payment requirements. In order to qualify for the grant he could not have any delinquent debts that were outstanding.

7. Following his completing the Uniform Residential Loan Application, a credit history check was performed which displayed 3 old debts one of which was Fox Collection Center in the amount of $744.00. In performing the credit history check, the loan processor would be required to input the full name of the individual and his social security number.

8. Defendant (Fox) is a debt collector and had reported this debt to Experian using Plaintiff's name and social security number in 2008. Defendant (Fox) listed the account # 1240860000744192 and showed the debt as a medical debt.

9. The credit report was ordered on Plaintiff by First Community Mortgage on or around 1/19/2010. The returned credit report was returned by all three credit bureaus and only Experian reported this particular debt of $744.00 reported by Defendant (Fox) and referable to Plaintiff.

10. Upon learning of this information, it was to Plaintiff's knowledge that he had not incurred such a debt nor did he recall ever being placed on notice by Defendant (Fox) of such a debt that was owed by Plaintiff.

11. Plaintiff upon learning of this improperly and negligently reported debt made numerous attempts to contact Defendant (Fox) by letter and phone calls as well as Lara Sanders with First Community Mortgage making attempts to contact Defendant (Fox) to remove this reported debt however Defendant (Fox) and its agents refused to communicate with either Plaintiff or Sanders.

12. Plaintiff then in an attempt to save the $5000.00 grant paid the debt on 1/26/2010 in the amount of $511.00 which created a zero balance.

13. Plaintiff upon payment of the debt was provided a receipt from Defendant (Fox) which revealed to Plaintiff for the first time that the reported debt was

2

on Robert Arnold Mack of 1813 5th Avenue, Nashville, Tennessee. This individual was not Plaintiff but Plaintiff's father.

14. The delay and refusal by Defendant (Fox) to address the issue of the improperly reported debt caused Plaintiff to lose the grant he was seeking as there was only a limited window of time to obtain the grant. As a result the Plaintiff was forced in order to obtain the mortgage loan to incur a second mortgage of $3428.73 and the total debt the Plaintiff would have to repay on the home was increased as well.

15. Following the closing of the home purchase in May of 2010, Plaintiff made a series of attempts to get Defendant (Fox) to return the $511.00 he paid in error and that Defendant (Fox) accepted but Defendant (Fox) refused to respond which caused Plaintiff to file suit in the General Sessions Court of Davidson County, No. 10GC20948 only to later take a voluntary non-suit on 12/17/10.

16. On or around 12/27/2010 in a letter from Frank Fox with a check of $511.00 to Plaintiff, he wrote in part "The Credit Bureau put this collection on your record in error as we have no file with your name and address on it." This statement was an intentional and malicious misrepresentation as to how a collection agency such as this Defendant (Fox) reports to a credit bureau.

17. Plaintiff would show as a proximate cause of the negligent and intentional and malicious acts by Defendant (Fox) in reporting a false debt, failing to validate the debt caused the Plaintiff to lose the grant and incur other debt in obtaining his home loan that he would not otherwise have incurred.

18. Plaintiff would show that Defendant (Fox) was negligent, reckless and malicious in reporting this false information to the Experian Credit Bureau when the Defendant (Fox) knew or should have known the information reported on Plaintiff was incorrect and not validated.

19. Plaintiff would show that Defendant (Fox) is liable to Plaintiff for violations of the Fair Debt Collection Practices Act, 15 USC 1692, et seq. as well as common law negligence, intentional, reckless and malicious acts of Defendant.

3

20. Defendant, Fox, has alleged in their answer to the original complaint at paragraph 11 and 20 of Defendant (Fox) answer that Experian "incorrectly linked the debt to the plaintiff." and that modified comparative fault applies and therefore is an indispensible party.

WHEREFORE PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That the complaint be filed with summons issued and served upon the Defendants including now Experian to answer within the time allowed by law.
2. That Plaintiff be awarded a judgment against the Defendants for actual damages, penalties and his attorney fees incurred as well as punitive damages in an amount sufficient to punish the Defendants and deter Defendants for such acts again or $60,000.00.
3. For other relief including but not limited to costs, discretionary costs and other relief as the Court may deem appropriate.

Respectfully submitted,

THOMPSON LAW GROUP, PLLC
Christopher Kim Thompson, #015895
301 S. Perimeter Park Drive, Suite 218
Nashville, Tn. 37211
615-832-2335
*fax* 615-832-2235
kthompson@tlgpllc.com

I hereby certify that this is a true copy of original instrument filed in my office this 6th day of April 2011
RICHARD R. ROOKER Clerk
By _____
Deputy Clerk

4

CERITIFICATE OF SERVICE

I certify that a true copy of the foregoing Amended Complaint has been forwarded by U.S Mail, postage prepaid, this the 5th day of April, 2011 to:

Robert W. Briley, Esq.
Shuttleworth Williams, PLLC
230 4th Avenue North, Suite 500
Nashville, Tn. 37219
Attorney for Fox Collection Center, Inc.

_____
Christopher Kim Thompson

I hereby certify that this is a true copy of original instrument filed in my office this 6th day of April 2011
RICHARD R. ROOKER Clerk
By _____
Deputy Clerk

5