IN THE UNITED STATES DISTRICT COURT, MIDDLE DIVISION
AT NASHVILLE, TENNESSEE

ROBERT WAYNE MACK, ]
]
    Plaintiff, ]
]
] No. 3:11-CV-431
vs ]
]
FOX COLLECTION CENTER, INC., ]
]
and ]
] Judge Kevin Sharp
EXPERIAN INFORMATION ]
SOLUTIONS, INC., ]
] Jury Demand
    Defendants. ]

## INITIAL CASE MANAGMENT ORDER

Pursuant to Local Rule 16.01(d), the parties to the above-referenced lawsuit hereby submit the following proposed Initial Case Management Order in anticipation of the Scheduling Hearing before the Court scheduled for July 25, 2011.

**1. Jurisdiction:**

Pending is a motion to remand filed by Plaintiff on the basis that the removal by Experian was procedurally defective and Plaintiff does not make a Federal Claim against Experian. For the reasons asserted in its Response in Opposition to Plaintiff's Motion for Remand (Doc 14) and in its Notice of Removal (Doc 1), Experian contends that removal to this Court was proper.

**2. Nature of Proceeding**

The claim was originally filed by Plaintiff against Fox in the Circuit Court of Davidson County, Tennessee. Plaintiff complains among other things that Fox negligently reported false information to a credit bureau, Experian. Plaintiff alleged violations of the FDCPA

against Fox. That as a result Plaintiff suffered damages. Fox answered the complaint and in so doing claimed that Experian improperly linked the debt to the Plaintiff. Experian then upon service sought removal to this court.

3. **Status of Responsive Pleadings:**

Defendants have answered the Amended Complaint. The Court has not ruled on the Motion to Remand filed by Plaintiff.

4. **Plaintiff's theory of the case:**

Plaintiff complains that upon applying for a first time home loan that he discovered when his credit was checked by First Community Mortgage that there appeared on his credit report a debt which was not valid. Plaintiff made numerous attempts to contact Fox who had reported the debt to the bureau but was unsuccessful in resolving the problem with Fox in a timely manner. The result was that he lost a grant and incurred other debt in the financing of his home which he would not otherwise have incurred.

5. **Defendants' theory of the case:**

**Professional Recovery Management, Inc. d/b/a Fox Collection Center:** Fox Collection Center never reported any information to any credit reporting agency about the Plaintiff, Robert Wayne Mack. Fox Collection Center correctly reported debt information regarding the Plaintiff's father, Robert Arnold Mack, who lived at the same address as the Plaintiff.

**Experian Information Solutions, Inc:** Experian's internal investigation into Plaintiff's allegations is not complete, and on that basis Experian responds that it is unable to respond substantively to Plaintiff's/Fox Collection Center's factual allegations. However, Experian states that any action sounding in negligence against it is preempted by the Fair

Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681t(b)(1). Plaintiff's Complaint alleges no attempt to contact Experian to dispute the accuracy of his consumer report or to request a reinvestigation of the account, and Experian asserts that it follows reasonable procedures to assure maximum possible accuracy of consumer reports pursuant to 15 U.S.C. § 1681e(b). Experian further asserts that it is not a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692(a)(6), and therefore cannot be liable for a violation of that statute.

6. **Identification of the issues:**

Pending before this court is a motion to remand to the circuit court of Davidson County, Tennessee filed by Plaintiff. For the reasons set forth in their responses to Plaintiff's motion to remand, Defendants allege that removal in this matter was proper. (*See* Docs 11, 13, and 14.)

7. **Need for other claims or special issues under Rules 13-15, 17-21, and Rule 23 of the Federal Rules of Civil Procedure:**

Whether there is a need to further amend the previously amended complaint is not known at this time. The parties reserve the right to file any motion or pleading as they deem necessary in light of the issues uncovered in the discovery process, to the extent permitted by the United States Code, the Federal Rules of Civil Procedure, and the Local Rules and subject to the objection of any other party. However, any motions to amend the pleadings shall occur by January 30, 2012.

8. **Witnesses, if known, subject to supplementation for each party.**

Witnesses for Plaintiff may consist of Plaintiff, Lara Sanders, Defendants witnesses. and depending on what written discovery reveals.

Witnesses for Fox Collection Center may consist of its employees, Robert Arnold Mack, and employees of Diagnostic Imaging, Inc.

Witnesses for Experian may consist of its employees, employees of Fox Collection Center, and employees of other third-party furnishers of credit, as discovery dictates.

### 9. Stay of Discovery

There is no reason to stay discovery.

### 10. Initial Disclosures:

Initial Rule 26(a) disclosures shall be made within 30 days of the entry of this Order, including disclosure of documents pursuant to Rule 26(a)(1)(A)(ii).

### 11. Discovery

a. All discovery shall be completed on or before February 28, 2012. All written discovery shall be submitted in sufficient time so that the response shall be due on or before February 28, 2012, under the applicable Federal Rules of Civil Procedure and the Local Rules of this Court. All discovery related motions shall be filed on or before February 1, 2012. Interrogatories are limited to 25 including subparts.

b. Plaintiff shall make expert disclosures pursuant to Rule 26(a)(2)(B) on or before Novmeber 16, 2011. Defendants shall make expert disclosures pursuant to Rule 26(a)(2)(B) on or before December 16, 2011. Expert depositions, if any, shall be completed by February 28, 2012.

c. Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

### 12. Dispositive motions:

Dispositive motions shall be filed on or before April 30, 2012. Responses shall be filed

within twenty-eight (28) days after the date the motion is filed. Replies shall be filed within fourteen (14) days after the response is filed. If dispositive motions are filed earlier, the response and reply dates are moved up accordingly. The motion and response memoranda are limited to twenty-five (25) pages, absent Court permission for longer memoranda.

13. **Other deadlines**:

Any amendments to pleadings shall occur by January 30, 2012.

14. **Subsequent case management conferences:**

A subsequent case management conference is scheduled on March 28, 2012, at 1:00 p.m., to be conducted telephonically.

15. **Alternate dispute resolution**

The parties will contact the Court to arrange a judicial settlement conference should if the parties find such will benefit disposition of the case.

16. **Target trial date:**

Trial shall be set on <u>October 9, 2012, a</u>nd shall take 2-3 days.

It is so **ORDERED:**

_____
Judge

Respectfully Submitted on July 20, 2011:


/s Christopher Kim Thompson
301 S. Perimeter Park Drive
Suite 218
Nashville, Tennessee 37211
*Attorney for the Plaintiff*
*Robert Wayne Mack*

/s Michael G. Derrick
Robert W. Briley
230 4th Ave
Suite 500
Nashville, Tennessee 37219
*Counsel for Defendant Fox Collection Center, Inc*


/s Samuel T. Bowman
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 744-5701
sbowman@bakerdonelson.com
*Attorney for the Defendant*
*Experian Information Solutions, Inc.*